IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH RUSHAWN SWANSON, | ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 25-549-CFC |
| | ) | |
| WILLIAM WALKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff Kenneth RuShawn Swanson, who is currently housed at the Howard

R. Young Correctional Institution (HRYCI) in Wilmington, Delaware, upon state

criminal conviction and sentencing, initiated this civil action *pro se* and was granted

leave to proceed *in forma pauperis*. (D.I. 1-5.) Accordingly, the complaint (D.I. 3)

is subject to this Court's *sua sponte* review and dismissal upon a determination that

the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief

from defendants who are immune from such relief, *see* 28 U.S.C. §§ 1915(e)(2)(B),

1915A(b). At this early state of the case, this Court accepts the facts alleged in

Plaintiff's *pro se* pleading as true, draws all reasonable inferences in his favor, and

asks only whether the complaint, liberally construed, contains facts sufficient to state

a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

The complaint raises Fourth Amendment claims, pursuant to 42 U.S.C. § 1983, for which Plaintiff seeks "immediate release and $1,800 for every day [Plaintiff] was incarcerated." (D.I. 3 at 8.) According to the complaint, on June 7, 2023, at a Sunoco gas station in Wilmington, Delaware, Defendants, who are all probation officers and New Castle police officers, coordinated the arrest of Plaintiff on at outstanding warrant for a probation violation. (*Id.* at 5.) During the arrest, one officer "looked down [Plaintiff's] pants[,] reached in [his] underwear[,] and lifted [his] groin to seize a clear plastic knotted bag containing cocaine." (*Id.*) This search occurred during the daytime in a public place. (*Id.* at 6.) Plaintiff believes that the search was not approved by a supervisor or a judge. (*Id.*)

Drawing all reasonable inferences in Plaintiff's favor, and liberally construing his pleading, without more, the complaint suggests no Fourth Amendment claim on which relief may be granted. The Fourth Amendment prohibits "unreasonable searches and seizures." U.S. CONST. amend. IV. Plaintiff was allegedly physically searched after arrest, the basis for which is uncontested. Under the "search incident to arrest" exception, it is reasonable for an arresting officer to search an arrestee's person for the purpose of either removing weapons that could endanger officer safety, or seizing evidence that could be concealed or destroyed. *Chimel v. California*, 395 U.S. 752, 762-63 (1969). The facts alleged in this case fall squarely within this exception permitting warrantless search.

2

Additionally, the Court notes that Plaintiff must petition for a writ of habeas corpus to challenge his current conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding that, where success in a § 1983 action would imply the invalidity of a conviction or sentence, a suit for damages or equitable relief is barred unless plaintiff can demonstrate that his conviction or sentence has been invalidated).

Based on the foregoing, it is HEREBY ORDERED that the complaint (D.I. 1) is **DISMISSED** without prejudice for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

It is FURTHER ORDERED that Plaintiff is **GRANTED** leave to amend the complaint **on or before August 29, 2025**. An amended complaint that fails to cure the deficiencies in Plaintiff's § 1983 claim may be dismissed with prejudice. Alternatively, if no amended complaint is timely filed, this case shall be closed.

_____

Chief Judge

3